ALBERT A. GREEN, and MARY GREEN, *et al.,* v. FRANK N. BARHYDT.

163 So. 587.
Opinion Filed October 18, 1935.
Rehearing Denied November 6, 1935.

*Van Fleet & Miller,* for Appellants;

*B. M. Skelton,* for Appellee.

PER CURIAM.—The appeal here is from final decree entered against the defendants after decree *pro confesso* had been duly entered in the court below.

The appellants were parties to the suit and made no defense in the lower court.

The bill of complaint is not without equity and contains sufficient allegations to support the decree of the Chancellor.

The contention of the appellants here is that they did not consider the bill of complaint sufficient to require an answer, although they alleged that the entry of the decree has deprived them of valuable rights.

The prayer of the bill was as follows:

"FORASMUCH, THEREFORE, as Plaintiff is without remedy save and except in a court of equity, plaintiff prays:

"1. That all of the defendants herein named and all persons having or claiming any interest in and to the lands herein described, be required to answer this bill of complaint and to show cause, if they can, why your plaintiff should not have the relief prayed for herein, but not under oath, answer under oath being hereby expressly waived.

"2. That your plaintiff be decreed by the Court to be the

owner in fee simple of the hereinbefore described land and that the title of the plaintiff to said land be forever quieted and confirmed to him, and that all clouds on his title to said land be removed.

"3. That all claims, right, title and interest of the said defendants, or any other person than plaintiff claiming by, through or under them, in and to said lands be forever barred and cancelled of record and the holders thereof enjoined from asserting any further claim to the same.

"4. The defendants, Gus Mannmied and J. T. Burdine, may be required to redeem the premises hereinbefore described of and from the liens of the plaintiff by reason of his mortgages and the interest thereon, the taxes paid by him, the costs and expenses of this suit, including solicitors' and abstract fees, as hereinbefore set out; and that in default of their redemption of said premises, that the defendants may be barred and foreclosed of any right, title or interest in or to said premises by reason of the purported mortgage or other claims hereinbefore set out or otherwise.

"5. That plaintiff may have such other and further relief, general and special, in the premises as to the Court may seem meet and proper in equity and good conscience."

If the appellants had any defense to the bill of complaint it should have been presented in the court below, thereby giving that court opportunity to adjudicate the alleged rights between the parties. They had their day in court and should have taken advantage of it.

A defendant who is haled into court and who assumes to determine for himself that the pleadings of the complainant are not sufficient to require any action in that court on his part and, therefore, refrains from making any defense to

the suit does so at his own peril and must abide the consequences of the course which he so chooses to pursue.

We find no reversible error and, therefore, the decree should be affirmed.

It is so ordered.

Affirmed.

WHITFIELD, C. J., and TERRELL, BROWN, BUFORD and DAVIS, J. J., concur.